## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **PATRICIA WALKER, Individually, and on behalf of all others similarly situated,** ) ) ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Civil Action No.:** |
| ) | |
| **VITAL RECOVERY SERVICES, INC., VITAL SOLUTIONS, INC. and CHRISTOPHER J. SHULER,** ) ) ) | **Jury Trial Demanded** |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

This is an action pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*, to recover money damages and for other relief for unpaid overtime owed to Patricia Walker ("Plaintiff") and all others similarly situated.

## PARTIES

1.

Plaintiff Patricia Walker is a former employee of Defendants who was employed by Defendants from in or about July 2009 through in or about August 2011, as an account representative performing collections for Defendants.

2.

Plaintiff brings this action on behalf of herself and all other similarly situated individuals who work or have worked for Defendants as account representatives or debt collectors (hereinafter collectively "Collectors") at any time within three years prior to the filing of this Complaint who consent to the representation, pursuant to 29 U.S.C. § 216(b).  Plaintiff's consent to serve as employee representative is attached hereto as Exhibit "A" and incorporated herein.

3.

Plaintiff is an "employee" within the meaning of 29 U.S.C. §203(e).

4.

Defendant Vital Recovery Services, Inc. (hereinafter "Vital Recovery") is a Georgia corporation with its principal place of business in Norcross, Gwinnett County, Georgia. Defendant Vital Recovery may properly be served with Summons and process of this action upon its registered agent, Corporation Service Company at 40 Technology Parkway South, Suite 300 in Norcross, Georgia 30092.

5.

Defendant Vital Recovery is subject to the jurisdiction of this Court and venue is proper.

6.

Defendant Vital Recovery is a national third-party collection agency performing bad debt recovery and skip tracing services (hereinafter "Debt Collection") and is an "employer" within the meaning of 29 U.S.C. § 203(d).

7.

Defendant Vital Recovery operates in interstate commerce, and upon information and belief, Defendant Vital Recovery has had at least $500,000 in gross sales made or business done per year at all relevant times hereto.

8.

Defendant Vital Solutions, Inc. (hereinafter "Vital Solutions") is a Georgia corporation with its principal place of business in Norcross, Gwinnett County, Georgia. Defendant Vital Solutions may properly be served with Summons and process of this action upon its registered agent, Corporation Service Company at 40 Technology Parkway South, Suite 300 in Norcross, Georgia 30092.

9.

Defendant Vital Solutions is subject to the jurisdiction of this Court and venue is proper.

10.

Defendant Vital Solutions is an account receivable management outsourcing company, which provides a customer service call center for Debt Collection and is an "employer" within the meaning of 29 U.S.C. § 203(d).

11.

Defendant Vital Solutions operates in interstate commerce, and upon information and belief, Defendant Vital Solutions has had at least $500,000 in gross sales made or business done per year at all relevant times hereto.

12.

Defendant Christopher J. Shuler (hereinafter "Defendant Shuler") is and was at all times relevant hereto an owner of and the Chief Executive Officer, Chief Financial Officer and Secretary of Defendant Vital Recovery and Defendant Vital Solutions, who was involved in and oversaw their day to day business operations, including without limitation, the setting of pay and payment of payroll to Plaintiff and others similarly situated. Defendant Shuler may properly be served with Summons and process of this action at his business address at 3795 Data Drive, Suite 200 in Norcross, Georgia 30092.

13.

Defendant Shuler is subject to the jurisdiction of this Court and venue is proper.

14.

Defendant Shuler is an "employer" within the meaning of 29 U.S.C. § 203(d).

15.

Defendants are joint employers under the FLSA, as collectively they controlled the terms and conditions of Plaintiff's employment and that of each member of the class that Plaintiff represents.

## FACTUAL ALLEGATIONS COMMON TO PLAINTIFF AND THE CLASS SHE REPRESENTS

16.

This action is brought by Plaintiff on behalf of all current and former employees of Defendants for violations of the FLSA based upon Defendants' systematic failure to properly compensate them for all overtime hours worked.

17.

Plaintiff and the class she represents were employees engaged in interstate commerce and were employed by an enterprise engaged in interstate commerce, *i.e.* working for Defendants as Collectors in Debt Collection.

18.

The work period of Plaintiff and the class she represents consisted of a seven (7) day calendar week.

19.

Plaintiff and the class she represents were paid on an hourly basis and were not paid on a salary basis.

20.

Throughout Plaintiff's employment with Defendants, she and the class she represents often worked in excess of forty (40) hours per week.

21.

The time worked by the Plaintiff and each member of the class she represents was recorded by ADI Time or another time keeping system under the exclusive custody and control of Defendants.

22.

Defendants did not properly calculate the number of hours worked or properly calculate overtime compensation for Plaintiff and each member of the class she represents for all hours worked in excess of forty (40) hours in a given week.

23.

Defendants have failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA for Plaintiff and each member of the class she represents.

24.

Plaintiff and each member of the class she represents were required to be compensated at their hourly rate for each hour worked up to forty (40) hours in a given week.

25.

Plaintiff and each member of the class she represents were required to be compensated at a rate of one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours in a given week.

26.

In failing or refusing to pay Plaintiff and the class she represents as required by the FLSA, Defendants have not relied on any letter ruling from the Department of Labor indicating that Plaintiff and the class she represents were not entitled to payment of overtime compensation for all hours worked in excess of forty (40) hours in a given week.

27.

Defendants have refused to compensate Plaintiff and the class she represents overtime compensation for all hours worked in excess of forty (40) hours in a given week at the rates required by law.

28.

Defendants' failure to properly compensate Plaintiff and the class she represent is ongoing.

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT

29.

Plaintiff realleges paragraphs 1 through 28 as if fully set forth herein.

30.

At all times during her employment, Plaintiff and the class she represents were employees required to be paid overtime wages by Defendants at a rate of one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours in a given week.

31.

Defendants have violated the provisions of the FLSA, 29 U.S.C. § 207 and § 215 by failing to pay Plaintiff and the class she represents overtime wages at a rate

of one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours in a given week.

32.

Defendants' failure to compensate Plaintiff and the class she represents, overtime wages at a rate of one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours in a given week, is an intentional violation of the FLSA.

33.

The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew, or showed reckless disregard for the fact that their compensation practices and failure to compensate Plaintiff and the class she represents overtime wages at a rate of one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours in a given week was in violation of these laws.

34.

Said intentional and willful violations give rise to claims for relief under the FLSA for the Plaintiff and for each member of the class she represents for unpaid overtime wages at a rate of one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours in a given week for three (3) years prior

to the filing of this Complaint, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

35.

By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and each member of the class she represents, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other persons similarly situated, requests this Court:

(a)   Take jurisdiction of this matter;

(b)   Permit this action to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b), authorize notice to be distributed to all those similarly situated, and permit those employees, past and present, who opt in to participate by filing proper written notice with the Court;

(c)   Issue a judgment declaring that Plaintiff and the class she represents was covered by the provisions of the FLSA;

(d)     Issue a judgment declaring that Defendants have failed to comply with the requirements of the FLSA;

(e)     Issue an Order holding Defendants to be joint employers under the FLSA;

(f)     Issue a judgment declaring that Defendants' violations of the FLSA were willful;

(g)     Award Plaintiff and each member of the class she represents payment for unpaid overtime wages at a rate of one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours in a given week for the three (3) years preceding the filing of this Complaint;

(h)     Award Plaintiff and each member of the class she represents payment of liquidated damages equaling 100% of their unpaid overtime wages;

(i)     Award Plaintiff and each member of the class she represents prejudgment interest, to the extent liquidated damages are not awarded;

(j)     Award Plaintiff and each member of the class she represents reasonable attorneys' fees and costs incurred in prosecuting these claims;

(k)     Grant leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

(l)     Grant leave to amend to add claims under applicable state and federal laws;

(m)    Grant leave to amend to add other Defendants who meet the definition of Plaintiffs' "employer," 29 U.S.C. § 203(d), as may be determined at a later time;

(n)     Issue an order requiring Defendants to preserve all electronically stored information relevant to this lawsuit; and

(o)     Award any such further relief as the Court deems just, equitable and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of all other persons similarly situated, hereby demands a trial by jury to the extent authorized under the law.

Dated: February 28, 2012

Respectfully submitted,

_____

Joshua A. Millican
Georgia Bar No. 508998
LAW OFFICE OF JOSHUA A. MILLICAN, P.C.
The Grant Building, Suite 607
44 Broad Street, N.W.
Atlanta, Georgia 30303
Telephone: (404) 522-1152
Facsimile: (404) 522-1133
joshua.millican@lawofficepc.com

Lisa T. Millican
Georgia Bar No. 309046
GREENFIELD MILLICAN, P.C.
The Grant Building, Suite 607
44 Broad Street, N.W.
Atlanta, Georgia 30303
Telephone: (404) 522-1122
Facsimile: (404) 522-1133
lisa.millican@lawofficepc.com
**Counsel for Plaintiff**

**CONSENT TO SERVE AS A**
**PLAINTIFF REPRESENTATIVE UNDER THE**
**FAIR LABOR STANDARDS ACT (29 U.S.C. § 201, ET SEQ.)**

I, PatriciaWalker, hereby consent to serve as a Plaintiff and Plaintiff Representative in a lawsuit against Vital Recovery Services, Inc., Vital Solutions, Inc., Christopher Shuler and/or any other Vital Recovery Services, Inc. related corporations, limited liability companies, entities, or persons and to represent the interests of the class members with respect to all cognizable claims for unpaid overtime compensation and any other benefits available under the Fair Labor Standards Act and other applicable laws, in accordance with a confidential Employment Agreement executed by the undersigned for such purpose.

This 7th day of ___February___, 2010

_____
Patricia Walker