IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PATRICIA WALKER, Individually, and on behalf of all others similarly situated, : : : : Plaintiff, : : v. : : VITAL RECOVERY SERVICES, INC., : VITAL SOLUTIONS, INC., and : CHRISTOPHER J. SHULER, : : Defendants. : | CIVIL ACTION NO. 1:12-CV-00654-AT |

## **ORDER**

This matter is before the Court on Defendants' Motion to Vacate the Court's October 9, 2012 Order Pursuant to Fed. R. Civ. P. 60 and to Strike Plaintiff's Motion to Vacate for Lack of Service [Doc. 10].

### I. PROCEDURAL BACKGROUND

Plaintiff filed her Complaint in this action on February 28, 2012, against Vital Recovery Services, Inc., Vital Solutions, Inc., and Christopher Shuler for alleged violations of the Fair Labor Standards Act, 42 U.S.C. § 201 *et seq.* On March 29, 2012, before any Defendants served an answer or responsive pleading, counsel for Plaintiff filed a Notice of Voluntary Dismissal With Prejudice. (*See* Doc. 4.) That same day, the Clerk of court made an Entry of Dismissal approving the Notice of Voluntary Dismissal, and the case was terminated. (*See* Dkt.) Plaintiff filed a Motion to Vacate the Notice of Voluntary Dismissal With

Prejudice pursuant to Federal Rule of Civil Procedure 60(b) on October 2, 2012, along with a Declaration attesting that she "did not intend to dismiss her lawsuit with prejudice" but instead "had every intention of refiling her lawsuit after retaining new counsel." (Declaration of Patricia Walker ("Walker Decl.") at ¶ 11, Doc. 6-1.)

The Court granted Plaintiff's Motion to Vacate the Notice of Voluntary Dismissal With Prejudice and Ordered that Plaintiff's claims were dismissed **without prejudice** based on evidence of "mistake, inadvertence, [and] surprise" under Fed. R. Civ. P. 60(b) submitted by Plaintiff that (1) she did not consent to dismissal of her lawsuit with prejudice, (Walker Decl. at ¶¶ 3-4), (2) her former attorneys never discussed with her the subject of dismissing her lawsuit with prejudice, and never informed her that dismissal of her lawsuit with prejudice would eliminate forever her right to sue the defendants for past due overtime compensation, (*Id.* ¶ 7,) and (3) she was never sent a copy of the Notice of Voluntary Dismissal With Prejudice that was filed with the Court by her former attorneys, (*Id.* ¶ 8.)

On March 12, 2013, Defendants filed the pending Motion to Vacate the Court's October 9, 2012 Order and Motion to Strike Plaintiff's Motion to Vacate for Lack of Service after learning that Plaintiff had refiled her Complaint against Defendants on February 19, 2013. *See Patricia Walker, Individually, and on behalf of all others similarly situated v. Vital Recovery Services, Inc., Vital Solutions, Inc., and Christopher J. Shuler*, No. 1:13-cv-00534-AT, Compl., Doc. 1.

Defendants did not receive a copy of either Plaintiff's October 2, 2012 Motion to Vacate or the Court's October 9, 2012 Order vacating Plaintiff's voluntary dismissal with prejudice and dismissing her claims without prejudice.[1] Defendants assert that Plaintiff's Motion to Vacate should be stricken and the Court's Order must be vacated as a result of Plaintiff's failure to serve Defendants with the Motion to Vacate which deprived Defendants of notice and the opportunity to respond in opposition.

Defendants further challenge the merits of Plaintiff's Motion to Vacate, asserting that the dismissal of Plaintiff's case with prejudice was not a "mistake" as Plaintiff alleges in her Motion to Vacate. According to Defendants' Motion, on March 22, 2012, prior to service of the Complaint or the filing of any responsive pleading, Plaintiff's former counsel and counsel for Defendants met and exchanged information regarding Plaintiff's claims. As evidenced by a series of emails attached to Defendants' Reply in support of the pending motion, on March 28, 2012, Plaintiff's former counsel agreed to dismiss Plaintiff's claims in exchange for an assurance that Defendants would not seek fees or costs from Plaintiff or her counsel once the dismissal was filed. Defendants agreed they would not seek fees or costs against Plaintiff or her counsel if Plaintiff dismissed her Complaint with prejudice, to which Plaintiff's former counsel responded "Yes

---

[1] On the Certificate of Service accompanying Plaintiff's Motion to Vacate, Plaintiff's counsel certified that he filed the Motion "with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to all attorneys of record." However, because Defendants had not been served with Plaintiff's Complaint, Defendants had not entered an appearance and thus had not registered to receive notifications of filings via the Court's Electronic Case Filing ("ECF") system.

it is a dismissal with prejudice.  I have attached the filed version hereto.  I appreciate your clients agreeing not to seek costs or fees against Ms. Walker, myself or my firm." (Ex. 3 to Reply, Doc. 12-3.)

In opposition to Defendants' Motion, Plaintiff contends that (1) Defendants suffered no prejudice as a result of Plaintiff's failure to serve her Motion to Vacate her voluntary dismissal with prejudice made pursuant to Fed. R. Civ. P. 41(a)(1)(A), (2) the dismissal with prejudice was the result of an improper attempt by Plaintiff's former counsel and Defendants' counsel to compromise Plaintiff's FLSA claims without approval from the Court, and (3) that the Court's order vacating the dismissal with prejudice was proper because Plaintiff's former counsel did not have Plaintiff's consent or authorization to dismiss her claims with prejudice.

## II.   DISCUSSION

Plaintiff's former counsel filed the Notice of Voluntary Dismissal With Prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(i).  Under Rule 41(a)(1) dismissal of an action may be effected by the filing of a notice and no court order is required. *Diamond v. U.S.*, 267 F.2d 23, 25 (5th Cir. 1959);[2] Fed. R. Civ. P. 41(a)(1) (setting for the procedure for voluntary dismissal of an action by the plaintiff without a court order).  Nor is notice to the defendants required where the action is dismissed under Rule 41(a)(1)(i) before the adverse party has filed an answer.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

4

*Diamond v. U.S.*, 267 F.2d at 25.  Rule 41(a)(1)(B) provides that "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice."  Fed. R. Civ. P.  41(a)(1)(B).  After an answer or motion for summary judgment has been filed, an order of dismissal is required under Rule 41(a)(2) which contemplates the filing of a motion.  *Id.;* Fed. R. Civ. P. 41(a)(2) (providing that "an action may be dismissed at the plaintiff's request by court order, on terms that the court considers proper").  Rule 5(a)(1)(D) of the Federal Rules requires that motions, except those which may be heard ex parte, shall be served on the adverse party.  Fed. R. Civ. P. 5(a)(A)(1)(D); *Diamond v. U.S.*, 267 F.2d at 25.

The Court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2).  *McCants v. Ford Motor Co., Inc.,* 781 F.2d 855, 857 (11th Cir. 1986).  A voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other then the mere prospect of a subsequent lawsuit, as a result.  *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255-56 (11th Cir. 2001); *McCants*, 781 F.2d at 857; *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967).  "[I]t is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation.  Rather, the district court must exercise its broad equitable discretion under Rule 41(a)(2) to weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate."  *McCants*, 781 F.2d at 857 (internal citations omitted).

As the Complaint in this matter had not yet been served and Defendants had not been subjected to the expense of responding to the allegations in Plaintiff's Complaint, Plaintiff had the absolute right to voluntarily dismiss her Complaint without prejudice without notice to Defendants. Indeed, had the notice not indicated that the dismissal was **with prejudice**, the notice would have operated as a dismissal **without prejudice**. Defendants contend the lack of notice of Plaintiff's motion was highly prejudicial because Plaintiff's claims were reinstated without notice to Defendants and without allowing Defendants the opportunity to make any argument in opposition or to address the misstatements of fact in Plaintiff's motion. However, even if Defendants had received notice of Plaintiff's Motion to Vacate the dismissal with prejudice and filed some opposition to the motion, the Court retained discretion to grant the motion in the absence of some prejudice to Defendants "*other then the mere prospect of a subsequent lawsuit*" and even if there was evidence Plaintiff would obtain some tactical advantage over the Defendants in the subsequent suit. *McCants*, 781 F.2d at 857. Defendants have identified no practical prejudice resulting from the voluntary dismissal of Plaintiff's Complaint in this matter without prejudice other than their contention that the parties agreed the dismissal would be with prejudice. Even if the Court were to find that Plaintiff's motion had no effect for lack of service, the Court would not uphold the voluntary dismissal of Plaintiff's FLSA claims with prejudice in light of the evidence now before the Court that the dismissal with prejudice was the result of an agreement

between counsel without prior authorization by the Court contrary to the requirement in *Lynn's Foods Stores, Inc.* as discussed below.  Accordingly, the Court finds that Defendants were not prejudiced by Plaintiff's failure to serve Defendants with the Motion to Vacate the dismissal with prejudice or the Court's granting of the motion.

Defendants cannot claim any legitimate prejudice resulting from the Court's vacating the dismissal with prejudice of Plaintiff's FLSA claims that Defendants assert was the product of agreement of the parties in exchange for Defendants' representation that it would not seek fees against Plaintiff or her former counsel as a result of the dismissal of this action.  Strangely, in their reply, Defendants assert that they have not made an argument regarding a settlement and release of claims.  However, Defendants have offered no other concrete basis on which this Court should find that its Order vacating the dismissal with prejudice was erroneous other than Defendants' agreement with Plaintiff's former counsel and reliance thereon.  As the Eleventh Circuit noted in *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor*, 679 F.2d 1350, 1352 (11th Cir.1982), the provisions of the FLSA are mandatory and "are not subject to negotiation or bargaining between employer and employee." *Id.*; *see also Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).  "Only two ways exist for the settlement or compromise of an employee FLSA claim: one is where an employee accepts payment supervised by the Secretary of Labor; the other is pursuant to 'a stipulated judgment entered by a court which has determined that a settlement

proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Silva*, 307 F. App'x at 351 (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1352-54). Indeed, "the district court must take an active role in approving [a settlement or compromise] to ensure that it is not the result of the employer using its superior bargaining position to take advantage of the employee." *Rakip v. Paradise Awnings Corp.*, No. 11-16138, 2013 WL 1235515 (11th Cir. Mar. 27, 2013) (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1354 ("[W]hen the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues ... that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.")). Therefore, any agreement among counsel to dismiss Plaintiff's Complaint with prejudice is unenforceable.

### III.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Vacate the Court's October 9, 2012 Order Pursuant to Fed. R. Civ. P. 60 and to Strike Plaintiff's Motion to Vacate for Lack of Service [Doc. 10] is **DENIED**.

It is **SO ORDERED** this 15th day of April, 2013.

_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**